IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EMEKA EHIRIM, § § PLAINTIFF § § VS. § § PRAETORIAN INSURANCE COMPANY § AND ROBERT MICHAEL DAABOUL, § § DEFENDANTS § | CIVIL ACTION NO: _____ |

## NOTICE OF REMOVAL OF DEFENDANT PRAETORIAN INSURANCE COMPANY

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Praetorian Insurance Company ("Praetorian") files this Notice of Removal, removing Cause No. 22-DCV-299663 from the 240th Judicial District Court of Fort Bend County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, based on diversity of citizenship. In support of this Notice of Removal, Praetorian states:

### I. INTRODUCTION

1. Removal of this case is proper because the Court has original jurisdiction over this matter according to 28 U.S.C. § 1332. Specifically, the amount in controversy exceeds $75,000.00, and the citizenship of Plaintiff is diverse from Defendant Praetorian.

2. Further, although Defendant Robert Daaboul is not diverse from Plaintiff, Plaintiff cannot establish a cause of action against Mr. Daaboul in the State Court Lawsuit because Praetorian elected to assume Mr. Daaboul's liability pursuant to TEX. INS. CODE § 542A.006 and

the statute requires that Mr. Daaboul be dismissed with prejudice.[1] Mr. Daaboul, while there is no possibility of recovery against him in the State Court Lawsuit, consents to this removal.[2] Therefore, this matter is removable under federal diversity of citizenship jurisdiction and Praetorian files this notice of removal.[3]

## II. PARTIES

3. Plaintiff is an individual residing in Fort Bend County, Texas.[4] Plaintiff's residence address in the State of Texas is 20035 Larkspur Landing, Richmond, Texas 77407 ("Residence").[5] Therefore, Plaintiff is a Texas resident.

4. Defendant Prateorian Insurance Company is a Pennsylvania corporation[6] with its principal place of business at 55 Water Street, New York, NY 10041. Accordingly, Defendant is not a citizen of the State of Texas for purposes of diversity of citizenship. *See* 28 U.S.C. 1332(c)(1).

5. Defendant Robert Michael Daaboul is an individual residing in Sugarland, Texas. Praetorian elected to assume Mr. Daaboul's liability related to the insurance claim at issue on January 27, 2023 pursuant to TEX. INS. CODE § 542A.006.[7] Therefore, Defendant Daaboul is a Texas resident but there is no possibility of recovery against him at the time of removal.

---

[1] App.101-102.
[2] App. 098.
[3] Praetorian's election of Mr. Daaboul's liability, if any, was made on January 27, 2023. App. 101-102. He has not been dismissed from the State Court Lawsuit at the time of this removal. However, he intends to file a motion to dismiss pursuant to Texas law as soon as reasonably practicable in this removed matter.
[4] App 005, ¶2.
[5] App 006, ¶9.
[6] App 047.
[7] App. 101-102.

## III. PROCEDURAL HISTORY

6. On December 19, 2022, Plaintiff filed and commenced Cause No. 22-DCV-299663, *Emeka Ehirim v Praetorian Insurance Company and Robert Michael Daaboul* in the 240th District Court of Fort Bend County, Texas ("State Court Lawsuit").[8]

7. Defendant Praetorian Insurance Company's registered agent for service of process, CT Corporation, was served by a process server on January 4, 2023.[9] Defendant files this Notice of Removal within thirty days after service of the State Court Lawsuit. Further, Defendant Praetorian elected to assume the liability of Defendant Robert Daaboul on January 27, 2023, rendering his joinder to this action fraudulent and resulting in there being no possibility of recovery against him in the State Court Lawsuit. Therefore, this matter became removable on January 27, 2023. Therefore, this removal is timely. 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action. 28 U.S.C. § 1446(c).

## IV. FACTUAL BACKGROUND

8. Plaintiff sued Defendant Praetorian alleging breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violation of Section 17.41, *et seq.* of the Texas Deceptive Trade Practices Act, common law fraud, and breach of the common law duty of good faith and fair dealing.[10] Plaintiff sued Mr. Daaboul alleging violations of Chapters 541 of the Texas Insurance Code, violation of Section 17.41, *et seq.* of the Texas Deceptive Trade Practices Act, fraud, negligence, and gross negligence.[11] The Policy at issue is a Texas Homeowners Policy Form B, Policy No. PHP1697916, issued to Plaintiff by Praetorian Insurance Company.[12]

---

[8] App 005.
[9] App 038.
[10] App 011–15.
[11] App. 015-020 ¶¶ 54–73.
[12] App 48-89.

9. In the Petition, Plaintiff prays for economic damages, and additional damages of up to three (3) times the sum of actual damages suffered under Tex. Ins. Code 541.152(b).[13] Plaintiff also seeks an award of attorneys' fees.[14]

## V. BASIS FOR REMOVAL

10. Defendants are entitled to remove any action filed in state court over which a federal court has original jurisdiction. 28 U.S.C. § 1441. The two principal bases by which federal courts obtain original jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Removal is proper in this case because the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity among the parties and an amount in controversy that exceeds $75,000.00. 28 U.S.C. § 1332. Plaintiff is a citizen of Texas and Defendant Praetorian Insurance Company is a citizen of Pennsylvania with its principal place of business in New York, NY. The parties are diverse.

11. Moreover, the citizenship of Mr. Daaboul should be disregarded for purposes of diversity citizenship. On January 27, 2023, Praetorian notified Plaintiff in writing that it accepted the liability of Mr. Daaboul pursuant to §542A.006 (a), Tex. Ins. Code.[15] The effect of this election is that any causes of action against Mr. Daaboul are extinguished and there is no possibility of recovery against him in the State Court Lawsuit. Pursuant to §542A.006 (c), the Court shall dismiss Mr. Daaboul with prejudice.

12. Therefore, at the time of this removal there is no possibility of recovery in the State Court Lawsuit against Mr. Daaboul, he is improperly joined, and removal is proper. *Advanced*

---

[13] App 021-022, ¶¶ 78–84.
[14] App 021-022, ¶¶ 78–84.
[15] App. 100-102.

*Indicator and Manufacturing, Inc. v. Acacia Insurance Company et al.* 50 F. 4th 469, 474 (5th Cir. 2022).

13. The second requirement of diversity jurisdiction is that the amount in controversy exceeds $75,000.00. A defendant may perfect a notice of removal based on allegations in the pleadings or facts in the notice. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 n.6 (5th Cir. 1992). The Court may also consider evidence relevant at the time Plaintiff filed the State Court Action. *See St. Paul Reinsurance Company, Ltd. v. Greenberg*, 34 F.3d 1250, 1254 (5th Cir. 1998).

14. Plaintiff alleges that he seeks monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.[16] Nevertheless, Plaintiff seeks by Plaintiff's Petition economic and non-economic damages for the conduct alleged, including actual damages for alleged breach of the policy and for alleged violation of the insurance code, and separate damages apart from those for breach of contract, including alleged mental anguish damages, and three times Plaintiff's actual damages for alleged knowing and intentional violation of the Texas Insurance Code.[17] Plaintiff also seeks attorneys' fees. Potential attorneys' fees are to be considered when calculating the amount in controversy. *Id.* at 1253.

15. Further, on September 28, 2022, Plaintiff made demand on Praetorian and alleged the following damages:

> 1) $18,533.51 for the estimated replacement cost of repairs to the loss, less any deductible, prior payments, or policy provisions limiting payment of replacement cost;[18]
>
> 2) $11,676.11 in Interest that applies to this loss as per Texas Insurance Code;

---

[16] App. 022 ¶ 85.
[17] App. 020–23 ¶¶ 76–85.
[18] No payment was made for Plaintiff's claim as the estimated repairs fell below the applicable deductible.

3) $39,420.40 for damages, including mental anguish; and

4) $2,280.00 as reasonable and necessary attorney's fees . . . for the time expended to date in assisting our client in this matter.[19]

Plaintiff's Petition alleges that actual damages to the Property under the Policy are $18,533.51;[20] however, exclusive of interest and including those alleged actual damages from the demand letter, the amount of alleged actual damages alone is $57,953.91.[21] Plaintiff seeks the recovery of attorneys' fees as well as treble his actual damages, which he alleges includes mental anguish.[22] Three times Plaintiff's claimed actual damages, based on the Petition and Plaintiff's September 28, 2022 demand, even after applying the applicable Policy deductible, exceeds $150,000. Therefore, the amount in controversy requirement is met in this matter.

## VI. VENUE

16.    Venue lies in the Southern District of Texas, Houston Division, under 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the State Court Lawsuit in this judicial district and division.

## VII. NOTICE TO STATE COURT

17.    Defendant will file with the clerk of the State Court Lawsuit, and will serve upon Plaintiff, a notice of the filing of this Notice of Removal.

## VIII. CONSENT TO REMOVAL

18.    As set forth in appendix attached hereto, Robert Daaboul has consented to removal.[23]

---

[19] App. 092
[20] App. 021 ¶ 77.
[21] App. 092
[22] App.021 ¶ 80.
[23] App. 098-099

## IX. EXHIBITS TO NOTICE OF REMOVAL

19. In compliance with 28 U.S.C. § 1446(a) and LR81, the following exhibits are attached hereto:

1. All executed process in the case (App 037-042 );

2. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (App 005-025; App 043-046);

3. All orders signed by the state court judge;

4. The docket sheet (App 003);

5. An index of matters being filed (App 094-095);

6. A list of all counsel of record, including addresses, telephone numbers and parties represented (App 096-097); and

7. Plaintiff's September 28, 2022 Demand to Praetorian Insurance Company (App 090-093).

## X. CONCLUSION

20. The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff and Defendant Praetorian Insurance Company, and (2) the value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Consequently, Defendant Praetorian Insurance Company may remove this action under 28 U.S.C. § 1441.

21. WHEREFORE, Defendant Praetorian Insurance Company hereby removes the State Court Lawsuit to the United States District Court for the Southern District of Texas, Houston Division.

Dated:  February 2, 2023

Respectfully submitted,

*/s/ Carter L. Ferguson*

Carter L. Ferguson
Email: cferguson@belaw.com
State Bar No. 06909500
Fed. I.D. No. 33538
Jerrod L. Rinehart
Email: jrinehart@belaw.com
State Bar No. 24060494
Fed. I.D. No. 908847
Logan Cochran
State Bar No. 24105615
Email: lcochran@belaw.com
BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, Texas 76102-3090
Telephone: (817) 339-2480

**ATTORNEYS FOR DEFENDANT PRAETORIAN INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was sent to all parties and counsel of record, pursuant to the Federal Rules of Civil Procedure, addressed as follows:

Chad T. Wilson                                                         **Via Electronic Filing**
cwilson@cwilsonlaw.com
Patrick C. McGinnis
pmcginnis@cwilsonlaw.com

Chad T. Wilson Law Firm PLLC
455 E Medical Center Blvd. Ste 555
Webster, Texas 77598

**ATTORNEYS FOR PLAINTIFF**

DATED this February 2, 2023.

                                                          */s/ Carter L. Ferguson*
                                                          Carter L. Ferguson
                                                          Jerrod L. Rinehart
                                                          Logan D. Cochran

1504755-v5/15915-031000